UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

KIMBERLY LAWRENCE                                   Case No. 09-CV-2198 (PJS/JJK)

              Plaintiff,

v.                                                  ORDER

THE CITY OF ST. PAUL, a municipal
corporation of Minnesota, OFFICER LAURA
BOLDUAN (individually and in her official
capacity), SGT. SHEILA HOFF (individually
and in her official capacity), OFFICER
ROBERT JERUE (individually and in his
official capacity), SGT. MATTHEW
TOUPAL (individually and in his official
capacity), DOES 1 THROUGH 5, inclusive
(individually and in their official capacity),
THE CITY OF ST. PAUL ATTORNEY'S
OFFICE, and OFFICER WILLIAM
WILLNER (individually),

              Defendants.

---

Plaintiff Kimberly Lawrence filed this action against multiple defendants — including her former boyfriend, William Willner, and several law-enforcement officers employed by the City of St. Paul — in connection with an incident that occurred during the early morning hours of August 24, 2003. After leaving threatening messages on Willner's answering machine during the day, Lawrence showed up at his home shortly after midnight, uninvited and drunk, in order to confront Willner and his new girlfriend, who were watching a movie in Willner's living room. A physical alteration ensued between Willner and Lawrence, and the police were called. The police interviewed Willner, Lawrence, the new girlfriend, and others, and then submitted their reports to prosecutors. Lawrence was charged, and Willner was not. Lawrence pleaded guilty to

one of the charges, and the others were dropped, apparently pursuant to a plea agreement. Six years later, Lawrence filed this action, seeking damages against Willner and the other defendants for malicious prosecution and for violation of her constitutional rights.

Lawrence's complaint was filed on August 21, 2009, just a couple of days before the statute of limitations would have run on most of her claims. Docket No. 1. The defendants promptly moved to dismiss the complaint — the St. Paul defendants on September 10 [Docket No. 4], and Willner on September 18 [Docket No. 8]. Both motions were set to be heard on November 18. Thus, the defendants' briefs were due on October 5, and Lawrence's response was due on October 29. Local Rule 7.1(b).

Defendants' briefs were timely filed — one on October 2 [Docket No. 10], the other on October 5 [Docket No. 11]. But October 29 came and went without any word from Lawrence. Lawrence neither filed a response to defendants' briefs nor sought an extension of time within which to file a response. Time continued to pass, and Lawrence continued to remain silent. Finally, on November 10 — almost two weeks after Lawrence's brief was due — the Court directed its calendar clerk to call Jill M. Waite, Lawrence's attorney, to ask whether Lawrence planned to oppose the motions. Waite reported that she had been ill, but that she would file a response.

More time passed. Waite did not file a brief, nor did she file a request for an extension of time. Finally, on the afternoon of November 17 — less than 24 hours before defendants' motions were scheduled to be heard — Waite filed a motion asking the Court to enter an "Order Recognizing Exception to Notice Requirement and Extending Time to Respond." Docket No. 21. The motion was accompanied by a brief affidavit from Waite, stating that she had "been

ill for several weeks" — perhaps with the H1N1 flu — and that "[a]s a result of being ill, I did not file or serve a response to defense motions." Docket No. 22. Waite did not ask to postpone the hearing on defendants' motions, and the Court's calendar clerk left a voice-mail message for her confirming that the hearing would proceed as planned. Waite neither appeared at the hearing nor notified the Court that she would not be appearing at the hearing.

The Court is normally sympathetic to requests from attorneys who need more time to file a paper because of illness. Such requests are common, and, to the best of the Court's recollection, it has always granted them. What those requests had in common, though, is that the attorney acted responsibly in seeking additional time. Waite did not. Waite had almost two months' notice that she would need to file a response to defendants' motion by October 29. It may well be that the flu kept her from being able to file a timely response, but it is very difficult to believe that the flu prevented her from filing a one-page motion asking for an extension — or making a brief phone call to the Court asking for an extension — at any time before October 29. And it is difficult to believe that the flu prevented her from asking for an extension in the nearly three weeks that have passed since she missed the October 29 deadline, or in the week that has passed since the Court took the initiative to contact Waite.

Like every attorney, Waite must take steps to ensure that the interests of her clients are protected in the event of an illness. That may mean filing a timely request with the Court seeking an extension, or it may mean asking another attorney to cover a matter. It does not mean simply ignoring a case, leaving the Court and opposing counsel to wonder, week after week, why nothing is being filed. The Court agrees with Waite that she has acted with "neglect," but the Court does not agree that her neglect is "excusable." Waite failed to comply with Local Rule

7.1(b)(2), and thus, under Local Rule 7.1(d), the Court will decide defendants' motions without considering a response from Lawrence.

The Court notes that this does not necessarily mean that Lawrence's claims will be dismissed. As this Court has said:

> Wiemann's motion for summary judgment is unopposed. But an unopposed motion for summary judgment is not necessarily a winning motion for summary judgment. "Even if a motion for summary judgment on a particular claim stands unopposed, the district court must still determine that the moving party is entitled to judgment as a matter of law on that claim." *Interstate Power Co. v. Kansas City Power & Light Co.*, 992 F.2d 804, 807 (8th Cir.1993).

*Wiemann v. Engelhart*, No. 07-CV-3929 (PJS/RLE), 2009 WL 3128041, at *2 (D. Minn. July 24, 2009). The same can be said of motions to dismiss under Fed. R. Civ. P. 12(b)(6). The Court has taken defendant's motions under advisement, and the Court will decide those motions based on the complaint, the defendants' submissions, and the Court's own research.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED that Plaintiff's Motion for Exception to Notice Requirement, Extension of Time to Respond [Docket No. 21] is DENIED.

Dated: November 19, 2009    s/Patrick J. Schiltz
                            Patrick J. Schiltz
                            United States District Judge